UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRA FOSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P.D. BRAZELTON, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00243-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 16] |

Plaintiff Andra Foster is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed November 3, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names P.D. Brazelton, J. Lorenco, Doctor Luoung T. Nguyen, G. Chavez, D. Lovell, Cano, J. Clark Kelso, and Igbinosa, as Defendants.

On or about May or June 2011, Plaintiff sent Warden Brazelton a copy of the Memorandums dated August 3, 2006, and November 20, 2007, relating the policy of placement of inmates at high risk for contraction of Valley Fever.

Plaintiff informed Warden Brazelton and counselor J. Lorenco that Plaintiff fit the criteria set forth by the Director of Division of Adult Institution as he suffers from Asthma and according to the policy, he is a high risk of contracting Valley Fever and must be transferred out of Pleasant Valley State Prison (PVSP).

Warden Brazelton and Lorenco refused Plaintiff's verbal and letter request to be reclassified and transferred out of PVSP. Because Plaintiff was not reclassified by "Defendants," he contracted Valley Fever.

# III.

# DISCUSSION

### A. Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Under certain circumstances, exposure to Valley Fever may support a constitutional claim based on a dangerous condition theory. See Beagle v. Schwarzenegger, No. 1:14-cv-430-LJO-SAB, 2014 WL 2875633 (E.D.Cal. Jul. 25, 2014). However, Plaintiff's allegations fail to give rise to potential liability by Defendants in their individual capacities as he is required to allege facts linking their actions or omissions to a violation of his rights. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

Plaintiff's general allegation that he suffers from asthma and that in May or June 2011, he sent Warden Brazelton a copy of Memorandums dated November 20, 2007 and August 3, 2006, regarding the policy of placement of inmates at high risk of contracting Valley Fever, is insufficient to rise to the level of a constitutional violation under the Eighth Amendment. Plaintiff fails to set forth factual

allegations to demonstrate that named Defendants knew of a substantial risk of harm and continued to house Plaintiff at PVSP.  Although Plaintiff contends he was at high risk of contracting Valley Fever because he suffers from asthma, Plaintiff's conclusory statements are insufficient to show that any of the named defendants participated in any violation that caused injury to Plaintiff.   The mere fact that Plaintiff suffers from asthma, alone, does not place him at high risk for contracting Valley Fever.  Indeed, the Memorandum, dated November 20, 2007, attached to Plaintiff's first amended complaint, identifies high risk inmates as those who suffer from HIV, history of lymphoma, post solid organ transplant, chromic immunosuppressive therapy (e.g. severe rheumatoid arthritis), moderate to severe Chronic Obstructive Pulmonary Disease requiring ongoing intermittent or continuous oxygen therapy, and cancer patients on chemotherapy.  (ECF No. 16, Memo. dated 11/20/07.)  Accordingly, Plaintiff fails to state a cognizable claim for cruel and unusual punishment based on the conditions of his confinement in violation of the Eighth Amendment.

### B.     Leave to Amend

Plaintiff was previously notified of the legal standard and the deficiencies in his claims, what was necessary to correct them, and despite being granted leave to amend has failed to correct the deficiencies.  The fact that he has failed to correct these deficiencies provides a reasonable basis for concluding he cannot.  Thus, it would be futile to repeat the process again and further leave to amend is not justified.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

### IV.
### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be DISMISSED, without leave further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

4

Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 7, 2014**

UNITED STATES MAGISTRATE JUDGE